1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY PARAMORE,

          Plaintiff,

   v.

J. RUIZ,

          Defendant.

_____/

CASE NO.    1:12-cv-00255-MJS (PC)

ORDER DISMISSING FIRST AMENDED
COMPLAINT WITH LEAVE TO AMEND

(ECF No. 8)

AMENDED COMPLAINT DUE WITHIN
THIRTY (30) DAYS

**SCREENING ORDER**

**I.**    **PROCEDURAL HISTORY**

      On February 23, 2012, Plaintiff Anthony Paramore, a former state prisoner

proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C.

§ 1983.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

The Court screened Plaintiff's Complaint (ECF No. 1) on August 30, 2012 and determined

that Plaintiff stated a single cognizable claim; all other claims were dismissed with leave

to amend.  (ECF No. 7.)  Plaintiff was given leave to file an amended complaint or notify

the Court of his desire to proceed only on his cognizable claim.  (Id.)  Plaintiff elected to file a First Amended Complaint.  (ECF No. 8.)  It is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint names (1) Sergeant D. Stiles, (2) Correctional Officer (CO) T. Davis, and (3) CO J. Ruiz as Defendants in this action.

Plaintiff alleges the following:

Plaintiff was thrown down.  Defendant Stiles oversaw the entire course of events.

He told Defendant Ruiz to go to the support office and instructed Defendant Davis to take Plaintiff to the nurse's office.  Plaintiff received no care at the nurse's office and went into shock as a result.  Plaintiff was then moved to another clinic.  (Compl. at 3.)

IV.   **ANALYSIS**

   A.   **Section 1983**

      To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

      The First Amended Complaint does not include a discernable description of any alleged violation of Plaintiff's rights.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

3

1   succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).
2   Plaintiff has not sufficiently notified the Court of what claims he intends to plead and on
3   what bases; therefore, the amended complaint fails to state a cognizable claim.
4
5           The original complaint alleged excessive force, retaliation, and violations of the
6   Americans with Disabilities Act (ADA).  In screening that complaint, the Court determined
7   that Plaintiff stated a single cognizable claim, excessive force by Defendant Ruiz.  (ECF
8   No. 7 at 7.)  Plaintiff's retaliation and ADA claims were dismissed with leave to amend
9   because Plaintiff failed to either identify a Defendant responsible or provide sufficient
10  factual detail to support such a claim.  (<u>Id.</u> at 8, 9.)  The original complaint also alleged that
11  three prison officials observed Defendant Ruiz employ excessive force but failed to
12  intervene. (ECF No. 1 at 4, 5.)  The Court dismissed the failure to intervene claim because
13  the Defendants were unidentified and the circumstances of their involvement were not
14  clear.  (ECF No. 7 at 7, 8.)  Plaintiff's amended pleading offers far less detail than the
15  original complaint and fails to correct the deficiencies identified by the Court in its previous
16  screening order.
17
18          Plaintiff may have mistakenly believed he could file an amended complaint curing
19  a pleading deficiency identified by the Court without realleging the facts of the claim.
20  However, the Court's previous screening order provided Plaintiff with the following
21  instruction:
22
23          Finally, an amended complaint supercedes the original complaint, <u>Forsyth</u>
            <u>v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814
24          F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without
            reference to the prior or superceded pleading." Local Rule 220. Therefore,
25          in an amended complaint, as in an original complaint, each claim and the
            involvement of each defendant must be sufficiently alleged.
26
27
                                                4

(ECF No. 7 at 10, 11.)

The Court will give Plaintiff one final opportunity to amend and undertake to file a new complaint which is complete within itself and contains all the allegations necessary to cover all of his claims and complies with all the legal standards set forth in previous screening orders and below.

The following sections of this order provide legal standards which should be applicable to Plaintiff's claims based on a review of the original complaint.  Plaintiff also will be provided a copy of the Court's original screening order (ECF No. 7), filed August 30, 2012, so that Plaintiff may refer to the Court's legal analysis of his previously stated facts.

**Plaintiff must understand that if he undertakes yet another amendment, he must, quite simply, get it right this time.**  All relevant factual allegations must be included in the new document. References to previous complaints, claims or other documents will be disregarded. The Court has a very large number of such cases pending before it, and it can not delay addressing others while it continues to give directions to Plaintiff. **If Plaintiff fails again to state a cognizable claim, his case will be dismissed. He will not be given another chance to amend.**

For these reasons, instead of amending again, Plaintiff is encouraged to simply notify the Court in writing that he wishes to proceed on the cognizable claim previously identified by the Court. As noted above, the Court's August 30, 2012, Order found that Plaintiff had stated a single cognizable claim and dismissed all others. (ECF No. 7.) It may be in Plaintiff's best interest, to proceed on that one claim and focus his energies on it, rather than jeopardizing his entire case by trying to restate all those claims previously

asserted but found not to be cognizable.  If Plaintiff notifies the Court he wishes to do so, the case will proceed, service will be ordered and the defense will be direcrted to file a response to the Complaint.

**B.    Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Mere supervision of an individual responsible for a violation is not enough.  The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor

6

1
2
v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations).

3
### C.   Eighth Amendment

4
5
6
7
8
9
10
11
12
13
14
15
The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

16
17
18
19
20
21
22
23
24
25
26
27
Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations

7

omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

A prisoner may not be subjected to malicious searches of his person or intentional harassment. Hudson v. Palmer, 468 U.S. 517, 528 (1984). The Eighth Amendment prohibition against cruel and unusual punishment may be violated by certain body searches conducted in the prison environment. Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (en banc).

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

### D. Retaliation

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

8

Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim, 584 F.3d at 1269.

### E.   Americans With Disabilities Act

Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1021 (9th Cir. 2010). To state a claim under Title II of the ADA, the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). The Ninth Circuit has held that Title II of the ADA permits prisoners to bring actions against state officials in their official capacities, but not in their individual capacities. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (holding that "Title II's statutory language does not prohibit . . . injunctive action against state officials in their official capacities").

### V.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section

1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  <u>Id.</u> at 1949 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

**Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.**

The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

10

1    Accordingly, it is HEREBY ORDERED that:

2    1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form,

3 (2) a copy of his First Amended Complaint, filed October 5, 2012, and (3) a copy of the

4 Court's original screening order (ECF No. 7), filed August 30, 2012;

5
6    2.    Plaintiff's First Amended Complaint is dismissed for failure to state a claim

7 upon which relief may be granted;

8    3.    Plaintiff shall file an amended complaint within thirty (30) days; and

9    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

10 action will be dismissed, with prejudice, for failure to state a claim and failure to comply

11 with a court order.

12

13

14 IT IS SO ORDERED.

15 Dated:    October 29, 2012        /s/ Michael J. Seng

16                          UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27
                                11