UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PARAMORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. RUIZ,<br><br>　　　　Defendant. | CASE No. 1:12-cv-00255-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 16)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

**I.　PROCEDURAL HISTORY**

Plaintiff Anthony Paramore, a former a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 23, 2012. (ECF No. 1.)  The action proceeds on Plaintiff's Second Amended Complaint against Defendant Ruiz for use of excessive force in violation of the Eighth amendment. (ECF No. 10.)  Plaintiff alleges that during a search Defendant Ruiz grabbed Plaintiff's groin and forced Plaintiff onto his back.  (Id.)

Defendant Ruiz has moved to dismiss the case under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure exhaust administrative remedies. Defendant also contends Plaintiff's claims are barred by Heck v. Humphrey,

512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).  (ECF No. 16.)  Plaintiff filed an opposition (ECF No. 19) and Defendant did not reply.  The motion is deemed submitted pursuant to Local Rule 230(l).

## II. **LEGAL STANDARD**

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  McKinney, 311 F.3d at 1199-1201.

///

## III. ANALYSIS

Defendant moves to dismiss based, in part, on Plaintiff's failure to exhaust the California Department of Corrections and Rehabilitation's (CDCR) administrative appeals process. On March 21, 2011, Plaintiff submitted an appropriate grievance about the excessive force. (ECF No. 16-4 at 6-7.) That grievance was given Avenal State Prison appeal log number 11-00397, "bypassed the first level of review and was processed as a staff complaint at the second level of review." (Id. at 2.) It was partially granted at the second level insofar as it instigated an investigation into Plaintiff's claims. (ECF No. 16-2 at 4; ECF No. 16-4 at 9-10.) However, that investigation determined that staff did not violate CDCR policy. (Id.) Plaintiff was then provided the following instruction:

> [a]llegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

(ECF No. 16-4 at 10.) On May 17, 2011 and again on August 1, 2011, Plaintiff tried unsuccessfully to submit his grievance to the third and final level of review. Each appeal attempt was "screened out because [Plaintiff] failed to submit the appeals in proper format . . . ." (ECF No. 16-3 at 2-3 and 5.)

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). In 2011, prisoners were required to submit appeals within thirty calendar days from the occurrence of the event or the decision being appealed, or upon first knowledge of the action or decision being appealed. Id. at § 3084.8(b) (2011). Three levels of appeal are

involved, including the first level, second level, and third level. Id. at § 3084.7 (2011).

Exhaustion of administrative remedies under the PLRA requires that the prisoner complete the administrative review process in accordance with the applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d at 1199–1201. An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford, 548 U.S. at 84. Exhaustion does not always require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); Brown v. Valoff, 422 F.3d 926, 935–36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

The materials provided by Defendant indicate that Plaintiff failed to exhaust his administrative remedies. According to Defendant, Plaintiff's attempts to submit his appeals to the final level of review were screened out because they were not formatted properly. A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The defendant need only show the existence of a grievance procedure the plaintiff did not use. Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)).

Plaintiff's opposition does not address the merits of Defendant's exhaustion argument. Instead, in a short statement, Plaintiff reaffirms the assertion that Defendant violated his rights and he requests relief. (ECF No. 19.)

Plaintiff was required to pursue his inmate appeal through the final level of review. To be excused from the exhaustion requirement, an inmate must have "made every effort to make full use of the prison grievance process, but was stymied by the error [of prison officials]." Nunez, 591 F.3d at 1226. Defendant argues that Plaintiff's failure to exhaust was the result of his own mistake. Plaintiff offers no rebuttal.

Nothing filed by Plaintiff raises any question about Defendant's characterization of his administrative appeals history. Defendant has satisfied his burden of demonstrating that Plaintiff failed to exhaust administrative remedies. Plaintiff has not shown that he complied with the PLRA's exhaustion requirements, nor has he shown why he should be exempt from those requirements. See Woodford, 548 U.S. at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Defendant's Motion to Dismiss should be granted and this action dismissed, without prejudice.[1]

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 16) be granted and that this action be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

---

[1] Having found Plaintiff's claim administratively unexhausted, the Court declines to address Defendant's alternate grounds for dismissal.

Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 30, 2014          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE