UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PARAMORE,<br><br>                     Plaintiff,<br><br>          v.<br><br>J. RUIZ,<br><br>                     Defendant. | CASE No. 1:12-cv-00255-LJO-MJS<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 22) |

Plaintiff Anthony Paramore, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 23, 2012.  (ECF No. 1.)  The action proceeds on Plaintiff's Second Amended Complaint against Defendant Ruiz for use of excessive force in violation of the Eighth amendment. (ECF No. 10.)

Defendant Ruiz moved to dismiss the case under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies. Defendant also argued that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).  (ECF No. 16.)

On March 31, 2014, the Court issued findings and recommendations granting Defendant's Motion to Dismiss based solely on Plaintiff having failed to exhaust administrative remedies.  (ECF No. 22.)  Having found Plaintiff's claim administratively

unexhausted, the Court declined to address Defendant's alternate grounds for dismissal. (Id.) Neither party has filed an objection.

However, on April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir. 2014). Following the decision in Albino, Defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Id. at 1168-69. An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Id.

Accordingly, the Findings and Recommendations are HEREBY VACATED. Defendant's unenumerated Rule 12(b) motion is no longer proper in light of Albino. However, the argument that Plaintiff's claims are barred by Heck and Edwards was properly raised via Federal Rule of Civil Procedure 12(b)(6) and will therefore be considered in a forthcoming order.

IT IS SO ORDERED.

Dated:   May 30, 2014                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

2