UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTHONY PARAMORE, | CASE No. 1:12-cv-00255-LJO-MJS |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| J. RUIZ, | (ECF No. 16) |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

## I. PROCEDURAL HISTORY

Plaintiff Anthony Paramore, a former a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 23, 2012. (ECF No. 1.) The action proceeds on Plaintiff's Second Amended Complaint against Defendant Ruiz for use of excessive force in violation of the Eighth amendment. (ECF No. 10.)

Defendant Ruiz has moved to dismiss the case under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure exhaust administrative remedies.[1] Defendant also contends Plaintiff's claims are barred by Heck v. Humphrey,

---

[1] On March 31, 2014, the Court issued findings and recommendations granting Defendant's Motion to Dismiss (ECF No. 16) based solely on Plaintiff having failed to exhaust administrative remedies. (ECF No. 22.) Having found Plaintiff's claim administratively unexhausted, the Court declined to address Defendant's alternate grounds for dismissal. (Id.) On April 3, 2014, before the Court's findings and recommendations were adopted, the United States Court of Appeals for the Ninth Circuit determined in

512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).  (ECF No. 16.) Plaintiff filed an opposition (ECF No. 19) and Defendant did not reply.  Defendant's Rule 12(b)(6) motion to dismiss on the ground that Plaintiff's claims for relief under § 1983 are barred by Heck and Balisok is now before the court.

## II.   LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998, and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di

---

Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir. 2014) that an unenumerated Rule 12(b) motion was no longer the proper procedural device for raising the issue of exhaustion.  Following the decision in Albino, the Court vacated its findings and recommendations.  (ECF No. 23.)  However, the argument that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997) was properly raised in Defendant's motion to dismiss and will therefore be addressed in this order.

2

Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### III. PLAINTIFF'S CLAIMS

The Second Amended Complaint alleges essentially as follows:

Defendant Ruiz pulled Plaintiff from a prison dining hall line and conducted a clothed body search which included grabbing Plaintiff's groin. When Plaintiff complained about the contact with his groin, Defendant Ruiz responded, "if you move again I will put you on your back." Plaintiff contends he then told Ruiz he was handicapped. Ruiz laughed and responded "I guess we will have to see" and then grabbed Plaintiff's groin again and put Plaintiff on his back. Plaintiff remained on his back until he was taken away for medical attention. (ECF No. 10 at 3.)

Defendant Ruiz filed a Rules Violation Report (RVR), attached as an exhibit to the original complaint, against Plaintiff for "Resisting/Obstructing a Peace Officer Resulting in Use of Force". A hearing was conducted on April 22, 2011. Defendant Ruiz stated that he took Plaintiff to the ground in response to Plaintiff twisting his body back, leading with the left elbow, towards Defendant Ruiz during the search. Plaintiff admitted "that he did move/flinch during the search." Plaintiff was found guilty and assessed ninety days forfeiture of credit. (ECF No. 1 at 19-25.)

### IV. ARGUMENTS

#### A. Defendant's Motion to Dismiss

Defendant argues that Plaintiff's claim is barred by Heck and Edwards because it is based on the same events for which Plaintiff was issued an RVR, found guilty, and lost behavioral credits.

The Supreme Court has held, where a judgment in the prisoner's favor in his §

3

1983 action would necessarily imply the invalidity of a deprivation of good-time credits, the plaintiff must first demonstrate that the credits deprivation has been invalidated in order to state a cognizable § 1983 claim. Edwards, 520 U.S. at 644; Heck, 512 U.S. at 483, 486–87 (setting forth this "favorable termination" rule).

Defendant argues that Plaintiff's assertion that Defendant Ruiz used excessive force is inconsistent with the disciplinary finding that Plaintiff resisted and obstructed Defendant Ruiz. According to Defendant, success in this action would necessarily imply the invalidity of the disciplinary finding. Defendant argues that Plaintiff did not allege his resisting/obstruction conviction was invalidated and therefore this action is barred. Defendant cites two Eastern District cases that found excessive force claims to be so barred. See Sharp v. Morrison, 2010 WL 2838635, *5 (E.D. Cal. July 20, 2010) (excessive force claim Heck barred where plaintiff pursued a theory that he was the victim but a disciplinary hearing determined plaintiff was the aggressor) and Saffi v. Knight, 2009 WL 4895322, *4 (E.D. Cal. Dec. 11, 2009) (same).

### B.  Plaintiff's Opposition

Plaintiff's opposition does not address the merits of Defendant's motion to dismiss. Instead, in a short statement, Plaintiff reaffirms the assertion that Defendant violated his rights, and he requests relief. (ECF No. 19.)

## V.  ANALYSIS

The Ninth Circuit Court of Appeals has clarified that application of Heck's "favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003). Heck does not bar all excessive force actions. See Hooper v. County of San

4

Diego, 629 F.3d 1127, 1132–33 (9th Cir. 2011) (excessive force claim not barred because plaintiff, who had resisted arrest, was attacked by a police dog after becoming compliant).

Defendant argues that success in this action would necessarily invalidate the disciplinary finding that Plaintiff resisted and obstructed the Defendant. The Court disagrees. Plaintiff was found guilty of resisting Defendant Ruiz during the altercation outside the dining hall. During the disciplinary hearing Plaintiff conceded that he flinched and moved during the clothed body search. However, the Second Amended Complaint alleged Defendant Ruiz grabbed Plaintiff's groin twice, that Plaintiff repeatedly complained about the way he was being treated, warned Defendant Ruiz that he was handicapped, and finally, that Defendant Ruiz threw Plaintiff to the ground.

Accepting all of the factual allegations as true and construing them in Plaintiff's favor, Plaintiff's resistance and Defendant Ruiz's excessive force are not mutually exclusive. "Though occurring in one continuous chain of events, two isolated factual contexts [c]ould exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer." Hooper, 629 F.3d at 1132 (internal quotation and citation omitted). Plaintiff may have resisted as determined by a disciplinary review and Defendant Ruiz was therefore entitled to use force, but the force described by Plaintiff appears to have been excessive under the circumstances and, taking the facts alleged as true, served no legitimate penological purpose. See, e.g., Smith v. City of Hemet, 394 F.3d 689, 693 (9th Cir. 2005) ("Smith's § 1983 action was not barred . . . because the excessive force may have been employed against him subsequent to the time he engaged in the conduct that constituted the basis for his conviction.")

Defendant's reliance on Sharp and Saffi are not persuasive. The plaintiff's in those cases relied on theories that they were passive and the correctional officer defendants were the aggressors. Plaintiff in this action concedes that he resisted and obstructed Defendant Ruiz, but he also alleges that the Defendant's use of force was excessive and served no legitimate penological purpose. Therefore, the Court finds that Plaintiff's claims for excessive force and failure to protect are not barred under Heck and Balisok, and Defendants' Rule 12(b)(6) motion to dismiss should be denied.

## IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 16) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 29, 2014            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE